UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED MARINE MARKETING GROUP, LLC, | ) ) ) | Case No.: 8:10-cv-2653-T-35TBM |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANTS' BRIEF IN OPPOSITION TO MOTIONS TO |
| JET DOCK SYSTEMS, INC., et al., | ) ) | QUASH SUBPOENAS |
| Defendants. | ) ) ) | |

## I. Background

On December 12, 2013, the Court issued an Order (ECF 130) notifying the parties that it would convene an evidentiary hearing regarding inventory and equipment transferred to plaintiff United Marine. The two people with the most knowledge regarding this issue are Roy Ahern and Bruce Nelson, the two original managing members of United Marine.

Accordingly, defendants filed a Request for Hearing Date and Motion to Permit Use of Depositions (ECF 133), noting that they were attempting to secure for use at the evidentiary hearing testimony from these two witnesses who respectively reside in Wisconsin and Minnesota. On January 2, 2014, the Notices of Deposition of Roy Ahern and Bruce Nelson were electronically served upon plaintiff United Marines' counsel who, coincidentally, also represented Mr. Ahern for several years in patent litigation with the defendants (see Exhibit 1). Proofs of service of the

1

subpoenas upon on Messrs. Ahern and Nelson were additionally emailed to plaintiff United Marine's counsel on January 6, 2014 with reconfirmation of the times, dates and places of the depositions (Exhibit 2).

In an effort to avoid a discovery dispute, counsel for defendants sent plaintiff United Marine's counsel an email on January 7, 2014 asking if plaintiffs were available for depositions on January 10, 2014 and (if not) to provide other convenient dates. Counsel for plaintiff responded by contending that he had not been notified of the depositions and that he had not yet seen the subpoena served upon Mr. Nelson, despite the contrary evidence attached hereto as Exhibits 1 and 2. Nevertheless, on January 7 and 9, 2014, counsel for defendants again requested mutually convenient times, dates and places for the depositions needed to secure testimony on the subjects raised by the Court in the December 12, 2013 Order (Exhibit 3).

While the foregoing communications were occurring, Mr. Ahern filed a Motion to Quash the subpoena that he had received.

The efforts of counsel for plaintiffs (Vytas Rimas) and Mr. Ahern to avoid producing documents and testimony regarding inventory and equipment to plaintiff United Marine are not surprising. Indeed, Mr. Rimas has on several prior occasions been admonished by U.S. District Judge John Adams (see Exhibit 4 hereto) and Mr. Ahern has been severely sanctioned by the same Judge for withholding information. Their ongoing attempts to "hide the ball" and "stay a step ahead of the Sheriff" should not be countenanced by this Court and the depositions of Messrs. Ahern and Nelson should be ordered to proceed forthwith.

## II. Roy Ahern

Mr. Ahern has raised twelve (12) objections to the subpoenas he received and those objections will be addressed in the order in which they were presented:

1. Mr. Ahern contends that the subpoena issued by this court violates Rule 45 because Mr. Ahern lives in Wisconsin. However, Rule 45 was amended to permit nationwide service and expressly requires that "A subpoena must issue from the Court where the action is pending." Fed.R.Civ.P.45(a)(2) and (b)(2).

2. Mr. Ahern contends that the subpoena seeks discovery beyond the Court's September 28, 2012 deadline; however, the subpoena does not seek discovery. Rather, the subpoena seeks hearing testimony on res judicata issues referenced by the Court in its December 2013 order, which issues are to be addressed in an upcoming evidentiary hearing.

3. Mr. Ahern would like more time to comply with the subpoena. Defendants have no objection to a postponement of the deposition so long as it goes forward before the upcoming evidentiary hearing.

4. Mr. Ahern objects to the subpoena contending that it contains document requests which are "vague" or "ambiguous"; however, he fails to explain how requests for ordinary records are unclear. He contends that this is particularly so even though he is not an employee of a party; however, he was an original managing member of plaintiff United Marine, has continued to provide consulting services for United Marine and has been engaged in years of patent

     litigation with defendants which resulted in summary judgment in favor of defendants, the issuance of preliminary and permanent injunctions and a damage award against Mr. Ahern in a sum exceeding $15 million, all while he was represented by Vytas Rimas, United Marine's current counsel.

5. The deposition is not expected to take more than two (2) hours. Moreover, the deposition is scheduled to occur in Hudson, Wisconsin (where Mr. Ahern resides) so no mileage payment is required.

6. Since Mr. Ahern was a managing member of United Marine, provides consulting services to it and is aligned with United Marine he should not be compensated for his time.

7-12. The final five (5) objections raised by Mr. Ahern consist of pure "boiler plate" language, are not supported in any way and should be rejected because defendants are merely seeking testimony for use at an evidentiary hearing on the issues raised by the Court concerning the relationships between among Mr. Ahern, ERA Marine and United Marine.

### III. Bruce Nelson

Plaintiffs and their counsel have indicated that they are not available for a deposition of Mr. Nelson on January 10, 2014. Accordingly, defendants are attempting to schedule the deposition at a time that is convenient for United Marine and its' counsel (Exhibit 3).

Respectfully submitted,

*/s/ F. Thomas Vickers*
F. Thomas Vickers
Ohio Bar No.: 0021900
Vickers Law Group Co., LPA
1119 Bassett Road
Westlake, OH  44145
tvickers@vickerslawgroup.com
Tel: 216-401-3202
TRIAL COUNSEL FOR DEFENDANTS

Richard S. Brightman
Fla. Bar. No.: 0347231
Hopping Green & Sams, P.A.
119 South Monroe Street, Suite 300
Tallahassee, FL 32301
Tel.: 850-222-7500
Fax: 850-224-8551
Email: richardb@hgslaw.com
LOCAL COUNSEL FOR
DEFENDANTS

## Certificate

Counsel for defendants certifies that he has communicated with counsel for plaintiffs (see Exhibit 3) in an ongoing good faith effort to resolve issues set forth herein.

*/s/ F. Thomas Vickers*
F. Thomas Vickers
*Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the **9th day of January, 2014**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

I hereby certify that on the **9th day of January, 2014**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and **notice was delivered by other means to:  Roy Ahern, 1120 Front Street, Hudson, WI 54016**

          *s/ F. Thomas Vickers*
          F. Thomas Vickers
          Ohio Bar No.: 0021900
          ***Attorney for Defendants***
          VICKERS LAW GROUP CO., LPA
          1119 Bassett Road
          Westlake, OH 44145
          Telephone: (216) 401-3202
          E-Mail: tvickers@vickerslawgroup.com