UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| United Marine Marketing Group, LLC, <br> Plaintiff, <br> <br> v. <br> <br> Jet Dock Systems, Inc., *et al.* <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.:  8:10-cv-02653-MSS-TBM <br> <br> Judge Mary S. Scriven <br> Magistrate Judge Thomas B. McCoun, III <br> <br> Motion to Compel Production of <br> Documents |

Pursuant to Fed. R. Civ. P. 7(b) and M.D. Fla. L.R. 3.01(a) defendants ("Jet Dock") seek an order compelling the plaintiff ("United Marine") to produce documents. The documents sought are documents that the plaintiff has previously agreed to produce.  The documents sought are documents the Court has already ordered United Marine to produce.  The documents sought relate to the two key issues in this matter: (1) the relationships among Roy Ahern, United Marine, and its predecessor in interest, ERA Marine Products, Inc., which has been found to be an infringer of Jet Dock's patents; and (2)  and the sales volume of infringing docks by United Marine.

Defendants filed a motion to compel this discovery, ECF 89, which was granted in part, ECF 96.  This Court ruled, "To the extent that Plaintiff agreed in its responses to Defendants' Interrogatories or Requests for Production of Documents to make available for inspection and/or copying responsive documents, *see* (Doc. 92-1), such documents shall be produced." *Id*. Plaintiff has not fulfilled even this modest mandate, withholding documents and redacting documents because they allegedly contain confidential business information even though there is

1

a protective order/agreement in effect. Plaintiff asserts attorney-client privilege even though it has utterly failed to establish any basis for the claim.

Jet Dock subsequently sought documents from United Marine's current owner, Bruce Nelson. In quashing Nelson's subpoena the Court suggested a motion to compel. The categories of documents sought by this motion and United Marine's responses to Jet Dock's requests are discussed below.

**Document Requests.**

Document Request 3.

> **3.** All documents that refer or relate to any sales by you of floating docks or offers by you to sell floating docks, including, without limitation, purchase orders, invoices, quotations, sales receipts, order acknowledgements, proposals, shipping documents, records of payments received by you for the sale of docks, and all customer files of customers for floating docks.
>
> **RESPONSE:**
> Please see Specific Objections ##1-7. Subject to and without waiver of these specific objections, any producible documents will be made available for inspection at the office of Plaintiff's Counsel at a mutually convenient time.

The "Specific Objections" were:

> 1. This Discovery Request is vague and ambiguous.
>
> 2. This Discovery Request is overbroad.
>
> 3. This Discovery Request is unduly burdensome.
>
> 4. This Discovery Request is not reasonably calculated to lead to the discovery of admissible evidence.
>
> 5. This Discovery Request calls for information privileged from discovery pursuant to the attorney-client privilege and/or work-product doctrine.
>
> 6. This Discovery seeks trade secrets and other confidential information, which will be provided only pursuant to the Stipulation and Order of Confidentiality.

2

      7. This Discovery Request calls for discovery or contentions of Plaintiff, which is premature given that Defendants have not filed their Answer to Plaintiff's Second Amended Complaint.

The specific objections are discussed beginning at page 6, below. These objections have been waived by not being mentioned in responding to Jet Dock's initial motion to compel and are specious in any event.

    In response to Document Request 3, United Marine produced redacted purchase orders to Versadock International (from which it obtains dock components) and invoices from United Marine Marketing to its customers, from which customer names and addresses were redacted. There is no basis for the redactions given that the protective order was in place. Moreover, the identity of customers is important as it enables Jet Dock to correlate United Marine's sales information with other information in Jet Dock's possession. Jet Dock cannot adequately investigate the sales by United Marine and United Marine's relationship to the Ohio defendants Ahern and ERA Marine Products, Inc. without customer names and addresses.

Document Request 9.

    **9.** All documents received from or sent to, or which refer, relate, or in any way pertain to any of the following:
    a.    any of the Defendants in this case;
    b.    Roy Ahern;
    c.    Versadock International Ltd.;
    d.    David Barrow;
    e.    Brigitta Cecilia Hancock;
    f.    Phillip Russell Stephen Hancock;
    g.    Christopher Howard Wilson;
    h.    E. Miles Taylor;

    **RESPONSE:**
Please see Specific Objections ##1-7, Subject to and without waiver of these specific objections, any producible documents will be made available for inspection at the office of Plaintiff's Counsel at a mutually convenient time pursuant to Fed.R.Civ.P. 33(d).

With narrow exceptions, United Marine failed to produce any documents in response to Document Request 9. Roy Ahern, an Ohio defendant, the sole share holder of Ohio defendant ERA Marine Products, Inc. and a co-incorporator of United Marine, has testified that he(a) was involved in the sale and installation of Versadock docks as a managing member of United Marine (Ex. 1, pp 10, 72), (b) sold ERA's inventory, including floats and dock parts, to United Marine which it then resold (Ex 1, pp 75-76), (c) sold an ERA fork lift, trailer and Jeep which United Marine then used (Ex. 1, pp 8, 19-20), and (d) of rents a room in his home to United Marine and receives regular compensation from United Marine (Ex. 1, pp 8-12). However, no documents related to his engagement by United Marine have been produced. Similarly, other than the purchase orders to Versadock International, no documents have been produced relating to any of the other persons identified in Document Request 9.

Document Request 11.

> **11.** All of your corporate records, including, without limitation, minutes and notes of meetings, resolutions, proxies, stock registers, and corporate record book.
>
> **RESPONSE:**
> Please see Specific Objections ##1-7. Subject to and without waiver of these specific objections, documents will be made available for inspection at the office of Plaintiff's Counsel at a mutually convenient time.

In response, only the articles of incorporation were produced. All other corporate records should be produced.

Document Request 12.

> **12.** All documents that refer or relate to the purchase of floats for making floating docks, including invoices, bills of lading, bank records, and accounting ledgers.
>
> **RESPONSE:**

4

>Please see Specific Objections ##1-7.

No bank records, bills of lading, or accounting documents were produced. They should all be produced.

Document Request 13.

> **13.** Please produce for inspection at the offices of Defendants, local counsel all computers and computer disks ever used, in whole or in part, for any business relating to floating docks.
>
> **RESPONSE:**
> Please see Specific Objections ##1-7.

Nothing was produced in response to this request. All the requested materials should be produced for copying.

Document Request 14.

> **14.** All agreements or records of agreements with or documents reflecting or relating to transactions with Roy Ahern, ERA Marine Products, Inc, Versadock, Versadock International Ltd., or other business entity engaged in the manufacture or sale of floating docks or components from which floating docks may be assembled.
>
> **RESPONSE:**
> Please see Specific Objections ##1-7. Subject to and without waiver of these specific objections, any producible documents will be made available for inspection at the office of Plaintiff's Counsel at a mutually convenient date

While some documents, specifically redacted invoices and purchase orders, were produced, much was withheld. At the very least, United Marine should have produced correspondence, emails, and checks, but none were.

Document Request 22.

> **22.** All documents that identify the location of any warehouse that you own or use in your business and all documents relating to inventory maintained at any such warehouse.
>
> **RESPONSE:**
> Please see Specific Objections ##1-4, and 6-7. Subject to and without waiver of these specific objections, any producible documents will be made available for production at the office of Plaintiff's Counsel at a mutually convenient time.

No documents were produced. Inventory of infringing goods is obviously relevant, and documents that relate to any such inventory should have been produced.

Document Request 23.

> **23**. All documents and things received by you from any of Roy Ahern, ERA Marine Products, Inc., Versadock, Versadock International Ltd., and all documents that relate to or reflect receipt by you of any such documents or things.
>
> **RESPONSE:**
> Please see Specific Objections ##1-7. Subject to and without waiver of these specific objections, any producible documents will be made available for production at the office of Plaintiff's Counsel at a mutually convenient time

Other than the purchase orders to Versadock International, no documents were produced. There was no email of any sort produced; there were no written communications of any kind produced; there were no shipping documents produced. United Marine asserts a copyright in its web site, yet many of the photographs used on the website came from the Ahern/ERA/Versadock defendants in the Ohio case. United Marine received many things from the Ohio defendants and Versadock International to start its business. Nothing was produced.

**United Marine's Objections.**

As the above responses indicate, United Marine agreed to produce the documents identified above. United Marine failed to support its objections in responding to the earlier motion to compel, and as demonstrated below its objections are legally insufficient in any event.

> To be adequate, objections … should be "plain enough and specific enough so that the court can understand in what way the interrogatories

6

are alleged to be objectionable." *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981). *See Josephs v. Harris Corp.,* 677 F.2d 985 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 (E.D.Pa.1980)) ("party resisting discovery must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive....'").

*Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550, 1159 (11th Cir. 1985). In opposing Jet Dock's earlier motion to compel United Marine did not press any of its specific objections. *See* ECF 92.[1] Instead, United Marine raised new objections, which this Court rejected when it ordered production. United Marine's Specific Objections are addressed below.

**1. This Discovery Request is vague and ambiguous.**

[M]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.' . . . Rather, objections to discovery must be sufficiently plain and specific to allow the Court to understand precisely how the challenged discovery requests are alleged to be objectionable.

*Williams v. Taser International, Inc.*, Civil Action No. 1:06-cv-0051-RWS, 2007 WL 1630875 (N.D. Ga. June 4, 2007). at *3 (quoting *USCFTC v. Am. Derivatives Corp.*, Civil Action No. 1:05-cv-2492-RWS, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007)). United Marine failed to point out any specific term that was vague or ambiguous, and Objection 1 must be disregarded.

**2. This Discovery Request is overbroad.**

**3. This Discovery Request is unduly burdensome.**

**4. This Discovery Request is not reasonably calculated to lead to the discovery of admissible evidence.**

---

[1] United Marine listed seventeen (17) "general objections", but applied none specifically to any of the discovery requests here at issue. They are boilerplate without particularized application and are without merit. They are found in the attached Exhibit 2, but were apparently abandoned in responding to the prior motion to compel discovery.

7

Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant. *Fleeger v. Wachovia Bank*, Dist. Court, Case No. 5:12-CV-294-Oc-32PRL, (MD Florida Oct. 30, 2012).

> [T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.

*Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982). (internal citation omitted.)  United Marine made no particularized showing of how any document request was overbroad, unduly burdensome or irrelevant.  These objections are simply nullities that should be ignored.

### 5. This Discovery Request calls for information privileged from discovery pursuant to the attorney-client privilege and/or work-product doctrine.

The party claiming a privilege bears the burden of establishing the elements for the privilege. *CSX Transportation, Inc. v. Admiral Ins. Co.*, No. 93-cv-132, 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (quoting, *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (citations omitted)). To satisfy this burden, the party asserting the privilege must make an "evidentiary showing based on competent evidence," rather than "mere conclusory or *ipse dixit* assertions." Id. (quoting *Bowne of New York City, Inc.*, 150 F.R.D. at 470 (citations omitted)).

*Hancock Bank, Inc.  v. Hill Street L.L.C., et al.*, Case No. 3:13-cv-71-J-25MCR, **(**M.D. Florida, October 22, 2013).  United Marine has made no effort to support its claim of privilege.

### 6. This Discovery seeks trade secrets and other confidential information, which will be provided only pursuant to the Stipulation and Order of Confidentiality.

A stipulation was proposed by Jet Dock and accepted by United Marine.  United Marine waited until the same day that it produced documents to execute the Stipulation.  Ex. 3. Confidentiality cannot be interposed as a basis for withholding any documents.

**7. This Discovery Request calls for discovery or contentions of Plaintiff, which is premature given that Defendants have not filed their Answer to Plaintiff's Second Amended Complaint.**

Although this objection was made against all of the defendants document requests, it is inapplicable on its face, as none of the document requests relate to United Marine's contentions. Moreover, Jet Dock's answer and counterclaim have now been filed, and therefore this objection is moot.

**Conclusion.**

United Marine's failure to comply with its discovery obligations obstructs Jet Dock's ability to prepare for the upcoming hearing. Accordingly Jet Dock seeks an order holding that United Marine has failed to state any valid objection to any of the document requests identified above and that the documents and things identified above must be produced for inspection and copying forthwith.

**Certification.**

Pursuant to LR 3.01(g), the undersigned telephoned plaintiff's counsel, sent him a letter dated Dec. 17, 2013 (attached to ECF 133), and a follow up e-mail on January 9, 2014 (attached to ECF 141-3) in an effort to resolve this dispute, but no agreement was reached.

Respectfully submitted,

s/ F. Thomas Vickers
F. Thomas Vickers
Ohio Bar No.: 0021900
Vickers Law Group Co., LPA
1119 Bassett Road
Westlake, OH  44145
tvickers@vickerslawgroup.com
Tel: 216-401-3202

9

TRIAL COUNSEL FOR DEFENDANTS

James B. Thompson, Jr.
Goodis, Thompson & Miller, PA
P.O. Box 90
St. Petersburg, FL 33731
Tel: (727) 823 0540
Fax: (727) 823 0230
Attorney for Defendants

Richard S. Brightman
Fla. Bar. No.: 0347231
Hopping Green & Sams, P.A.
119 South Monroe Street, Suite 300
Tallahassee, FL 32301
Tel.: 850-222-7500
Fax: 850-224-8551
Email: richardb@hgslaw.com
LOCAL COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2014, a true and correct copy of the foregoing

Motion to Compel Production of Documents

has been furnished by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ F. Thomas Vickers*
Attorney

Exhibit 1 – Ahern Supplemental Examination 10/22/2013 St. Croix County Court, Hudson Wisc.

Exhibit 2 – United Marine's Discovery responses listing "general objections".

Exhibit 3 – Email exchange with Vytas Rimas accompanying Stipulation of Confidentiality